## Marcus N. Beckwith and others *vs.* Charles P. Sturtevant.

A person has no right to place a family infected with small-pox in an unoccupied dwelling house belonging to another, without the consent of the owner, or authority from the board of health of the town, although such removal of the family may be necessary to prevent the spread of the disease.

Trespass *qu. cl. fr.*, brought to the Superior Court in New London County, and tried to the jury on the general issue with notice, before *Sanford, J.*

On the trial the plaintiffs offered evidence to prove, that on the 4th day of January, 1872, and for some time before and ever since, they had been and were the owners of the land described in the declaration, situated in the town of East Lyme, on which there stood, on the said 4th of January, a dwelling house known as the Ruel Beckwith house; that the house had been for some time unoccupied and greatly out of repair; but that one of the plaintiffs had made some slight repairs upon it and was intending to make such further

repairs and alterations as would render it suitable and comfortable for a dwelling, and then intended to occupy it with his family as his place of residence. And that on said 4th day of January, the defendant, without the license or knowledge of the plaintiffs or any of them, took forcible possession of the dwelling house, effecting an entrance by breaking in the front door with an axe, and shortly after, on the same day, placed therein a certain German family, one of whose members was sick with the small pox; and that the family continued in the occupancy of the house until the 19th day of February following, when it was destroyed by fire. How the fire originated was not disclosed by the evidence.

The defendant did not deny that he broke and entered the house, as claimed by the plaintiffs, but offered evidence to prove that at the time a member of the family in question, which was then in the occupancy of a tenement house belonging to the defendant, upon the factory grounds of the Niantic Woolen Company, and in a comparatively thickly settled neighborhood, was sick with the small pox, and that there was danger that the disease would spread if the person thus affected should be permitted to remain where she then was, and that he entered and took possession of the plaintiffs' house for the purpose of placing the family therein, and for no other purpose.

The defendant further offered evidence to prove, that he acted under the direction of one Richard W. Lee, a selectman of the town of East Lyme, and who was also president of the board of health of the town. He also offered evidence to prove that the destruction of the building by fire was not owing to any acts or neglect of his own, or of the family so by him placed in the house.

The house was situated on the main road to New London, and from half to three-quarters of a mile from the house from which the family were removed. It was distant from fifty to sixty rods from any other dwelling house, and about thirty-nine feet from the nearest track of the road, from which it was separated by a fence. There was no hospital in the town at the time.

The defendant requested the court to charge the jury that if they should find that the removal of the family from the dwelling house which they were occupying to the house of the plaintiffs, was necessary to prevent the spread of the small pox ; or, if the removal was made in pursuance of an order of the board of health, or of a health officer of the town of East Lyme, for the purpose of preventing the spread of the disease, the verdict should be in his favor, unless the jury should further find that the house was destroyed by his act or neglect.

The court charged the jury that the acts of the defendant were a trespass, for which he was liable in damages to the plaintiffs to the extent they had suffered by reason of such acts, unless he was justified on one or other of the grounds set up in his plea and notice. As to the first portion of the defendant's request, the court charged them that the defendant had no individual right, without the license or permission of the plaintiffs, to enter and take possession of their house and to place the family therein, even though the jury should find, that to prevent the spread of the small pox such removal of the family was necessary. As to the second portion of the request, the court charged substantially as requested.

The jury returned a verdict in favor of the plaintiffs for the sum of $480 damages and their costs ; and the defendant moved for a new trial for error in the charge of the court.

*Hovey*, in support of the motion.

1. It is a well settled principle of the common law, recognized by the best elementary law writers and by uniform adjudications in the courts, that in cases of actual necessity, any individual may take, use or destroy private property, to prevent the spreading of a fire, the ravages of a pestilence, or any other great public calamity, without subjecting himself to personal responsibility. 2 Kent Comm., 338 ; Broom's Legal Maxims, 1 ; 2 Dillon Municip. Corp., § 757 ; Potter's Dwarris on Statutes, 444 ; *Mayor &c. of N. York* v. *Lord*, 17 Wend., 285, 290, 297 ; *Same* v. *Same*, 18 id., 126, 129 ; *Stone* v. *Mayor &c. of N. York*, 25 id., 157, 162, 174 ; *Rus-*

*sell* v. *Mayor &c. of N. York*, 2 Denio, 461, 473, 484; *Am. Print Works* v. *Lawrence*, 3 Zabr., 590; *Commonwealth* v. *Jailer*, 7 Watts, 366; *Cornwell* v. *Emerie*, 2 Carter (Ind.), 35; *Respublica* v. *Sparhawk*, 1 Dallas, 337; *Handcock* v. *Baker*, 2 Bos. & Pul., 260; 1 Bishop Crim. Law, § 448 *a*.

2.   Boards of health in the several towns of this state are by statute vested with all the power and authority necessary and proper for preventing the spread of malignant, contagious or infectious disease, and may delegate their power and authority to such health officers and health committees as they may appoint.   They may also order any person or family justly suspected or feared to have taken the infection of such disease, into confinement in a hospital, if there be one in the town to which they belong, or in some other place to be designated by them, there to remain as long as they shall judge necessary to insure the safety of the town from such infection.   The statutes conferring these powers are, however, only regulations of the common law right which individuals possess in cases of actual necessity, to do whatever is necessary to prevent the ravages of a pestilence or other great public calamity.   They constitute boards of health, health officers and health committees, agents to judge of the emergency and direct the performance of acts which any individual may do at his peril without any statute at all. 2 Dillon Municip. Corp., § 757; *Russell* v. *Mayor &c. of N. York*, 2 Denio, 461, 479; *Wynehamer* v. *The People*, 13 N. York, 378, 402.

3.   The constitutional provision that " the property of no person shall be taken for public use without just compensation therefor," does not entitle the plaintiffs to maintain this action against the defendant, or in any manner affect the rights of either of the parties.   The removal of the family infected with the small pox into the house of the plaintiffs having been necessary to prevent the spreading of that disease, was not the taking of private property for public use within the meaning of that provision; but if it was, the plaintiffs must look to the public for compensation, as the act of the defendant in making the removal was a lawful act and

subjected him to no personal liability in trespass or otherwise. Potter's Dwarris on Statutes, 445; *Stone* v. *Mayor &c. of N. York*, 25 Wend., 174; *Russell* v. *Mayor &c. of N. York*, 2 Denio, 472, 484.

*Sheffield* and *Chadwick*, contra.

PHELPS, J.   The defendant, claiming to be acting by authority of the board of health of the town of East Lyme, took forcible possession of an unoccupied dwelling house belonging to the plaintiffs and placed in it a family infected with small-pox, and while it was so occupied it took fire and was destroyed.   On a trial to the jury, the defendant claimed, and requested the court to charge, that if they should find that the removal of the family so infected into the plaintiffs' house was necessary to prevent the spread of the disease, it would be justifiable, though done without the license or permission of the plaintiffs, and without authority from the board of health.   The court did not comply with the defendant's request, but instructed the jury that unless the defendant acted by authority of the board of health or of some committee, officer or agent authorized by the board, he could not without the plaintiffs' permission take possession of their house.

We think the instruction given was clearly correct.   The statute has made all reasonable and practicable provision to prevent the spreading of such diseases, consistent with the right of domicil and property.   It would be indeed extraordinary and hardly to be endured if the principle claimed by the defendant should be sanctioned by this court.   The arbitrary selection by a private individual of the dwelling of another citizen to be used for the purposes of a pest-house might generally be as wisely exercised as possible, but it would be liable to the greatest abuse, and might in some instances be made to gratify personal prejudice and ill feeling.   The building selected might not always be, as in the present case, unoccupied, and of comparatively little value, and the danger from the principle contended for would be

greater than that arising, under proper sanitary regulations, from the existence of the disease.

We do not advise a new trial.

In this opinion the other judges concurred.